UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACIE GREATHOUSE, | ) CASE NO. CV 17-1905-R |
| | ) |
| Plaintiff, | ) ORDER DENYING DEFENDANTS' |
| | ) MOTION TO DISMISS AND GRANTING |
| v. | ) PLAINTIFF'S MOTION TO REMAND |
| | ) |
| LONG BEACH MORTGAGE COMPANY, a | ) |
| Delaware Corporation; et. al, | ) |
| | ) |
| Defendants. | ) |

Before the Court is Defendants' Motion to Dismiss and Plaintiff's Motion to Remand, which were filed respectively on September 29, 2017, and October 17, 2017. (Dkt. Nos. 11, 13). This Court took the Motion to Dismiss under submission on October 31, 2017, and the Motion to Remand under submission on November 15, 2017.

Plaintiff, a pro se litigant, filed a Complaint in the San Bernardino Superior Court on August 18, 2017, alleging sixteen state law violations and two federal law violations. Defendants timely removed on the basis of federal question jurisdiction. On September 29, 2017, Defendants filed their Motion to Dismiss. On October 17, 2017, Plaintiff filed her Motion to Remand. Plaintiff then filed a First Amended Complaint ("FAC") on October 24, 2017, voluntarily dismissing both federal claims.

Under Federal Rule of Civil Procedure 41(a), a plaintiff may voluntarily dismiss a claim

1 | against a defendant before the defendant serves either an answer or a motion for summary
2 | judgment. Here, Defendants have not served an answer or motion for summary judgment.
3 | Therefore, Plaintiff may voluntarily dismiss her federal claims against Defendants under Rule
4 | 41(a). By filing an amended complaint that includes only state law claims, Plaintiff seeks to
5 | dismiss her federal law claims without prejudice. In light of policy favoring liberal construction
6 | of pro se pleadings, this Court treats Plaintiff's FAC as a notice of voluntarily dismissal of her
7 | federal claims without prejudice.

8 | The Court now turns to Plaintiff's Motion to Remand. Defendants acknowledge that removal was based exclusively on federal question jurisdiction and the parties are not diverse. Therefore, this Court may not hear the state law claims unless it exercises supplemental jurisdiction over those claims. A court may decline to exercise supplemental jurisdiction over state law claims if (1) the claims raise complex issues of state law, (2) the claims substantially predominate over the claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances. 28 U.S.C. § 1367(c). Here, Plaintiff voluntarily dismisses the only two federal claims alleged. Therefore, the state law claims predominate. Furthermore, the federal claims were this Court's only basis for original jurisdiction. The Court also notes that Plaintiff moved for remand with "due speed" by filing the motion less than a month after Defendants removed. *See Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995) ("If the defendant…removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal."). For these reasons, this Court declines to exercise supplemental jurisdiction over the state law claims.

24 | \\\
25 | \\\
26 | \\\
27 | \\\
28 | \\\

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is DENIED as moot. (Dkt. No. 11).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand is GRANTED. (Dkt. No. 13).

Dated: November 28, 2017.

_____

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE